UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHESTER COLE,

       Petitioner,

v.                                          Case No. 08-15234
                                             Hon. Lawrence P. Zatkoff

MARY BERGHUIS,

       Respondent.

_____/

## ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT

This matter comes before the Court on Petitioner's Motion for Relief from Judgment [dkt 13], in which Petitioner asks this Court to reopen this case to provide him an opportunity to file a timely notice of appeal. For the reasons set forth below, Petitioner's Motion is DENIED.

### I. INTRODUCTION

Petitioner filed a Petition for Writ of Habeas Corpus on December 22, 2008. On June 25, 2009, Respondent filed her Response to the Petition for Writ of Habeas Corpus, to which Petitioner replied on August 4, 2009. On November 22, 2010, this Court entered an Order denying the Petition for Writ of Habeas Corpus and Denying a Certificate of Appealability. Petitioner then filed the instant Motion for Relief from Judgment on May 17, 2012.

Petitioner asserts that he is unable to read and write, and was assigned assistance through the Michigan Department of Corrections' Legal Writer Program. Petititoner bases his Motion on his claims that the legal writer assigned to him through the Legal Writer Program incorrectly addressed his notice of appeal, thereby preventing Petitioner from timely filing such notice. Petitioner further claims that the letter sent by the legal writer on Petitioner's behalf that sought to confirm receipt

of his notice of appeal was also incorrectly addressed. Through his motion, Petitioner seeks to reopen this case so as to allow him the opportunity to file a timely notice of appeal.

## II. DISCUSSION

To the extent that Smith wants to "re-open" his 2008 Petition for Writ of Habeas Corpus, he is essentially seeking post-judgment relief under Federal Rule of Civil Procedure 60(b). To prevail under Rule 60(b), a party must demonstrate that the Court committed "a clear error of judgment, such as applying the incorrect legal standard, misapplying the correct legal standard, or relying upon clearly erroneous findings of fact." *In re Ferro Corp. Derivative Litig.*, 511 F.3d 611, 623 (6th Cir.2008).

Though courts have considerable discretion in granting relief from judgment pursuant to Rule 60(b), that power is limited by public policy favoring the finality of judgments. *See Blue Diamond Coal Co. v. Trs. of the UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir.2001). This is "especially true in an application of subsection (6) of Rule 60(b), which applies only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." *Id.* (quotations & citation omitted). Accordingly, "courts must apply Rule 60(b)(6) relief only in unusual and extreme situations where principles of equity mandate relief." *Id.*

Petitioner's motion does not satisfy any of these criteria. First, Petitioner does not challenge the Court's November 22, 2010, Order on the merits, thus foreclosing any claim of "a clear error of judgment," the "misappl[ication] of the correct legal standard," or "rel[iance] upon clearly erroneous findings of fact." *See In re Ferro Corp.*, 511 F.3d at 623. Rather, Petitioner's claims appear to be that because his notice of appeal was neither timely nor correctly filed, through no fault of his own,

2

the Court should reopen this case and allow Petitioner to file a timely notice of appeal.

The Court finds, however, that Petitioner has not shown that he exercised due diligence in keeping himself apprised of the status of this action. Even assuming Petitioner mailed his notice of appeal to this Court (the incorrect procedure), he sets forth no claim that he ever attempted to timely follow up or otherwise confirm receipt in the time period within which any notice of appeal was to be filed.

Moreover, Petitioner's circumstances nevertheless do not present an "unusual or extreme situation" where "principles of equity" mandate relief. After he allegedly mailed his notice of appeal, Petitioner could have contacted the Court by phone, as he alleges to have done later, to inquire into the status of his purported notice of appeal. As such, his current claims—that the legal writer sent his notice of appeal to the incorrect address; that follow up letters inquiring into the status of the appeal were also sent to incorrect addresses—are unconvincing and simply lack merit.

### III.  CONCLUSION

Accordingly, Petitioner's Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. 60(b) [dkt 13] is DENIED.

IT IS SO ORDERED.

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  June 28, 2012

3

CERTIFICATE OF SERVICE

    The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on June 28, 2012.

                                          S/Marie E. Verlinde
                                          Case Manager
                                          (810) 984-3290